## Fourth Court of Appeals
### San Antonio, Texas


## MEMORANDUM OPINION

No. 04-19-00449-CV

**IN THE INTEREST OF V.A.G.**, C.M.G., and M.R.G., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-01486
Honorable Karen H. Pozza, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:          Rebeca C. Martinez, Justice
                  Beth Watkins, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: November 13, 2019

AFFIRMED

Appellant ("Mother") appeals the trial court's order terminating her parental rights to V.A.G., C.M.G., and M.R.G.  Mother challenges the legal and factual sufficiency of the evidence to support the trial court's findings on the statutory grounds for termination.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1).  We affirm.

### BACKGROUND

Mother and J.G.[1] are the parents of three children: V.A.G., C.M.G., and M.R.G.  On July 9, 2018, the Texas Department of Family and Protective Services (the "Department") filed a petition requesting temporary managing conservatorship of the children and sought termination of

---

[1] J.G. ("Father") did not appeal the order terminating his parental rights and therefore we recite only those facts that pertain to Mother's issues on appeal.

Mother's parental rights. The trial court granted the Department's request and appointed the Department as temporary conservator of the children. During the pendency of the case, the trial court entered orders pertaining to the actions necessary for Mother to obtain the return of her children. On June 24, 2019, the trial court held a bench trial and, following trial, terminated Mother's parental rights. The trial court determined there was clear and convincing evidence that termination was in the children's best interest and that Mother (1) failed to comply with the provisions of a court order specifically establishing the actions necessary for her to obtain the return of her children and (2) used a controlled substance in a manner that endangered the health or safety of the children and (a) failed to complete a court-ordered substance abuse treatment program or (b) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O), (P). Mother timely appealed.

### DISCUSSION

On appeal, Mother challenges the sufficiency of the evidence to support the trial court's findings under sections 161.001(b)(1)(O) and (P) of the Texas Family Code. *See id.* A parent-child relationship can only be terminated if the trial court finds by clear and convincing evidence that the parent committed an act prohibited by section 161.001(b)(1) of the Texas Family Code and that termination is in the best interest of the child. *Id.* § 161.001(b)(1), (2). Only one predicate finding under section 161.001(b)(1) is necessary to support a judgment of termination when the trial court also finds that termination is in the best interest of the child. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Mother does not challenge the trial court's finding that termination of her parental rights is in the best interest of the children.

When reviewing the legal and factual sufficiency of the evidence, we apply the standards of review established by the Texas Supreme Court. *See In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex.

2002); *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). In evaluating the evidence for legal sufficiency, we determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the challenged ground for termination was proven. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam). We review all the evidence in the light most favorable to the finding and judgment, and we resolve any disputed facts in favor of the finding if a reasonable factfinder could have done so. *Id.* We disregard all evidence that a reasonable factfinder could have disbelieved, and we consider undisputed evidence even if it is contrary to the finding. *Id.* In reviewing the evidence for factual sufficiency, we give due deference to the factfinder's findings and do not supplant the verdict with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam). We determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief that the challenged finding is true. *See In re C.H.*, 89 S.W.3d at 28.

## A.      Section 161.001(b)(1)(O) Finding

To terminate parental rights pursuant to subsection O, the Department must show that: (1) the child was removed under chapter 262 of the Texas Family Code for abuse or neglect, (2) the child has been in the permanent or temporary conservatorship of the Department for at least nine months, and (3) the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child." TEX. FAM. CODE ANN. § 161.001(b)(1)(O). "Texas courts generally take a strict approach to subsection (O)'s application." *In re S.J.R.-Z.*, 537 S.W.3d 677, 690 (Tex. App.—San Antonio 2017, pet. denied) (quoting *In re C.A.W.*, No. 01-16-00719-CV, 2017 WL 929540, at *4 (Tex. App.—Houston [1st Dist.] Mar. 9, 2017, no pet.) (mem. op.)). "Courts do not measure the 'quantity of failure' or 'degree of compliance'" with a court order. *Id.* (quoting *In re D.N.*, 405 S.W.3d 863, 877 (Tex. App.—Amarillo 2013, no pet.)). "A parent's failure to complete one requirement of her family service plan supports termination under subsection (O)." *In re D.D.R.*, No. 04-18-00585-CV, 2019

WL 360657, at *2 (Tex. App.—San Antonio Jan. 30, 2019, pet. denied) (mem. op.) (internal quotation marks and brackets omitted) (quoting *In re J.M.T.*, 519 S.W.3d 258, 267 (Tex. App.— Houston [1st Dist.] 2017, pet. denied)).

In her brief, Mother does not challenge the elements of subsection O that her children were removed for abuse or neglect or that her children were in the Department's care for at least nine months. Mother only challenges the existence of a court order establishing actions necessary for the return of her children. Mother does not dispute that she failed to comply with the Department's service plan; she argues that because the service plan was not filed with the court, admitted into evidence at trial, or made an order of the court, the Department failed to meet its burden under subsection O.

When a court signs an order appointing the Department as temporary managing conservator under chapter 262 of the Texas Family Code, as the trial court did here, the Department is required to file a service plan with the court no later than forty-five days after the order was rendered. *See* TEX. FAM. CODE ANN. § 263.101. The trial court "shall incorporate the original and any amended service plan into the orders of the court." *Id.* § 263.106.

In this case, no document entitled "service plan" was ever filed with the trial court clerk or admitted into evidence. However, specific requirements for Mother to obtain the return of her children appear in a "Temporary Order Following Adversary Hearing," signed by the trial court on July 19, 2018. This order states that Mother appeared at an adversary hearing, held on July 19, 2018, in person and through her attorney of record and announced ready. Regarding services, the order states:

**12. Finding and Notice**

**THE COURT FINDS AND HEREBY NOTIFIES THE PARENTS THAT EACH OF THE ACTIONS REQUIRED OF THEM BELOW ARE NECESSARY TO OBTAIN THE RETURN OF THE CHILDREN, AND**

**FAILURE TO FULLY COMPLY WITH THESE ORDERS MAY RESULT IN THE RESTRICTION OR TERMINATION OF PARENTAL RIGHTS.**

**11. Psychological or Psychiatric Evaluation**

**IT IS ORDERED** that that [sic] the parties shall participate in a psychological or psychiatric evaluation as scheduled by the Department.

**12. Counseling**

**IT IS ORDERED** that the parties shall participate in counseling as scheduled by the Department.

**13. Parenting Classes**

**IT IS ORDERED** that the parties shall participate in parenting classes as scheduled by the Department.

**14. Drug and Alcohol Assessments and Testing**

**IT IS ORDERED** that the parties shall participate in drug and alcohol assessments and testing as scheduled by the Department.

**15. Compliance with Service Plan**

**15.1. [Mother]** is **ORDERED**, pursuant to § 263.106 Texas Family Code, to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit.

Approximately a month later, on August 22, 2018, the Department filed a status report with the trial court. In its report, the Department requested, under a section entitled "FAMILY PLAN OF SERVICE," that "the court make the service plan for [Mother] and [Father] an order of the court." The Department, however, did not attach a document entitled "Family Plan of Service" to its report. On September 4, 2018, the trial court issued an order following a status hearing. The order states that the trial court reviewed the Department's service plan for Mother and found it "reasonable, accurate, and in compliance with previous orders of the Court." The order notes that Mother had reviewed, understood, and signed the service plan.

At trial, the Department's caseworker, Jacqueline Davis, testified that Mother was not in compliance with the service plan that had been ordered. Davis specified that Mother had not complied with the counseling component of her service plan. Davis testified that she referred Mother to individual counseling, that Mother had received an appointment for a counseling session, but that the counseling provider had not heard from Mother. Mother confirmed in her testimony that she had not attended any of her individual counseling sessions. Davis also testified that Mother had not completed domestic violence classes and, consequently, had not complied with the domestic violence prevention component of her service plan. Mother testified that she was scheduled to finish her domestic violence classes the week following trial. In addition, Davis testified that Mother had not complied with her service plan by remaining sober. According to Davis, Mother tested positive for methamphetamines in January and April 2019. Mother testified at trial that she had last used methamphetamines in October 2018. The maternal aunt, who was the children's caregiver at the time of trial, also testified. She opined that she did not believe Mother's trial testimony regarding her sobriety. The maternal aunt explained that Mother called her on the Friday before trial and, according to the aunt, Mother stated she had been using methamphetamines for a couple of months but had been clean for the last month.

This record provides clear and convincing evidence to support a finding that the trial court had established, by order, specific actions necessary for Mother to obtain the return of her children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O). Apart from any official "service plan" that was not filed in the trial court, the appellate record shows that the trial court specifically ordered Mother, on July 19, 2019, to participate in: "psychological or psychiatric evaluations as scheduled by the Department," "counseling as scheduled by the Department," "parenting classes as scheduled by the Department," and "drug and alcohol assessments and testing as scheduled by the Department." *See In re J.B.*, No. 02-18-00173-CV, 2018 WL 4626427, at *3–5 (Tex. App.—Fort

Worth Sept. 27, 2018, no pet.) (mem. op.) (per curiam) (determining that a temporary order established clear and specific steps for a parent to obtain the return of her child); *In re M.C.*, 482 S.W.3d 675, 686–87 (Tex. App.—Texarkana 2016, pet. denied) (determining that a temporary order stating specific actions a parent was required to comply with satisfied the subsection O requirement for a court order). Although the trial court did not explicitly state at trial that it was taking judicial notice of its July 19, 2019, temporary order, we may presume it did so. *See In re J.E.H.*, 384 S.W.3d 864, 869–70 (Tex. App.—San Antonio 2012, no pet.) ("[W]hen the record is silent, as here, the trial court may be presumed to have taken judicial notice of the records in the court's file without any request being made and without an announcement in the records that it has done so."); *see also In re A.X.A.*, No. 04-09-00519-CV, 2009 WL 5150068, at *4 n.3 (Tex. App.—San Antonio Dec. 30, 2009, no pet.) (mem. op.) (presuming that the trial court took judicial notice of the family service plan and the order adopting the plan even though it was not admitted into evidence at trial and the trial court was not asked to take judicial notice of the order at trial).

In addition, the trial court ordered Mother in the temporary order "to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit." The trial court reaffirmed this order after a status hearing when it stated in an order that it had reviewed the Department's service plan for Mother and found it "reasonable, accurate, and in compliance with previous orders of the Court." The order also noted that Mother had reviewed, understood, and signed the service plan. At trial, the caseworker testified to specific actions the service plan required of Mother. The caseworker testified that the service plan required Mother to attend individual counseling, complete domestic violence classes, and remain sober, among other things. Although the service plan was not filed, the caseworker's testimony provides competent evidence as to specific actions in the court-ordered service plan that the trial court had established for Mother to obtain the return of her children. *See In re A.A.F.G.*, No. 04-09-00277-

CV, 2009 WL 4981325, at \*3–4 n.4 (Tex. App.—San Antonio Dec. 23, 2009, no pet.) (mem. op.) (stating that while the service plan was not admitted at trial, sufficient evidence of the service plan was "presented by the Department delineating several requirements set forth in the plan" and determining that the trial court's subsection O finding was supported by legally and factually sufficient evidence).

Here, the trial court could have taken judicial notice of its pretrial orders and credited testimony from the caseworker, the maternal aunt, and Mother to conclude that Mother had failed to fulfill specific court-ordered counseling, domestic violence, and drug abstinence requirements. This is not a case where the record lacks any evidence as to what precisely a parent was required to do to obtain the return of a child. *Cf. In re D.N.*, 405 S.W.3d at 876–79 (explaining that the court could not be certain what a parent was supposed to do where trial testimony did not identify specific actions required in a service plan or a specific order incorporating the service plan). Although Mother's service plan was not filed with the trial court, other competent evidence in the record is legally and factually sufficient to support the trial court's finding that Mother failed to comply with a court order that specifically established the actions necessary for her to regain custody of her children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

Because we uphold the trial court's subsection O finding, we need not address the remaining predicate ground for termination under subsection P. *See In re A.V.*, 113 S.W.3d at 362 (holding that only one predicate finding under § 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest).

## CONCLUSION

Because Mother does not challenge the trial court's best-interest finding and because we overrule her challenge to the sufficiency of the evidence to support a finding on a predicate ground for termination, we affirm the trial court's order.

Rebeca C. Martinez, Justice